IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIMBERLY ALLEN (n/k/a KIMBERLY POTTER),

    Plaintiff,

v.                                               Case No. 1:15-cv-50-MP-GRJ

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Defendant's Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g), with Remand to the Defendant. (ECF No. 19.)

Defendant requests the Court to remand this case under sentence four of 42 U.S.C. § 405(g) so that an administrative law judge may further evaluate the case and issue a new administrative decision. Defendant states that upon remand the ALJ will further evaluate whether medical improvement has occurred as to the severity of Plaintiff's impairments present at the time of the most recent prior favorable disability determination in accordance with 20 C.F.R. § 416.994. Defendant has conferred with counsel for Plaintiff, who represents that Plaintiff does not object to this motion.

Title 42, United States Code, Section 405(g), empowers the Court to reverse the decision of the Commissioner with or without remanding the cause for a rehearing.[1] Where the district court cannot discern the basis for the Commissioner's decision, a

---

[1] *Shalala v. Schaefer*, 509 U.S. 292 (1993).

sentence four remand may be appropriate to allow him to explain the basis for his decision.[2] On remand under sentence four, the administrative law judge ("ALJ") should review the case on a complete record, including any new material evidence.

Accordingly, it is **RECOMMENDED**:

1. Defendant's Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g), With Remand to the Defendant, ECF No. 19, should be **GRANTED**.

2. The Commissioner's decision denying benefits to Plaintiff should be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. On remand the ALJ will further evaluate whether medical improvement has occurred as to the severity of Plaintiff's impairments present at the time of the most recent prior favorable disability determination in accordance with 20 C.F.R. § 416.994 and issue a new decision.

3. The **Clerk** should be directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IN CHAMBERS** this 23rd day of October 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[2] *Falcon v. Heckler,* 732 F.2d 827, 829-30 (11th Cir. 1984).